IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF TEXAS
DALLAS  DIVISION

JOHN B. WILLIAMS and          )
RONALD GRIFFIN                )
                                  )
V.                              )          3-04-CV-1853-P
                                  )
DAVID FORREST and           )
MIKE RINGER, true name Michael Singer    )

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and (C) and the District Court's order of reference filed on November 22, 2004, came on to be considered Defendants David Forrest and Michael Singer's Motion to Dismiss or in the Alternative Motion for Summary Judgment filed on February 17, 2005, and having considered the relevant pleadings[1] the magistrate judge finds and recommends as follows:

STATEMENT OF THE CASE:

John B. Williams and Ronald Griffin filed two pro se petitions in the 18th Judicial District Court of Johnson County, Texas, on July 22, 2004, naming David Forrest and Michael Singer[2] along with eleven other named persons as defendants.  On August 25, 2004, Defendants Forrest and Singer removed the case to this court.  Insofar as the records and documents before the court establish none of the remaining Defendants has been served with process.

---

[1]Although Ronald Griffin was served with the Movant Defendants' motion, see Certificate of Service, he has not filed a timely response.

[2]Assistant Warden Michael Singer is incorrectly identified in the Plaintiffs' petitions as (John Doe) Ringer.

A review of the petitions filed by Williams and Griffin reflects that it is alleged that Warden David Forrest and Assistant Warden Michael Singer engaged in conduct in violation of the Plaintiffs' federally protected constitutional rights. Specifically, the petitions allege that they violated procedures set out in the Offender Orientation Handbook and that they retaliated against them for having submitted a 42 U.S.C. § 1983 complaint in the Northern District of Texas by causing each to be transferred out of the Sander Estes Unit at Venus, Texas. <u>See also</u> Plaintiff Williams's answers to Magistrate Judge's Questionnaire filed on January 26, 2005, Answers to Questions 3, 4, 5, 6, 7, 8, 11, 16, 19, 20, 21, 23 and 24; and Griffin's answers to Magistrate Judge Questionnaire filed on January 28, 2005, Answers to Questions 3-9, 13-17.

Neither Plaintiff is currently confined at the Estes Unit. Williams is currently on supervised release and is a resident of San Antonio, Texas, and Griffin is currently confined at the Dalhart Unit of the Texas Department of Criminal Justice - Institutional Division.

## <u>FINDINGS AND CONCLUSIONS:</u>

<u>**Applicable Law**</u>: Although Movants seek dismissal of Plaintiffs' claims against them pursuant to Rule 12(b), in light of the fact that additional materials are included with their motion, the court analyzes their motion under Rule 56 - Summary Judgment, which requires a movant to establish the absence of any genuine issue of fact. <u>Celotex Corp. v. Catreet</u>, 477 U.S. 317, 325 (1986). To meet his burden a movant must either submit competent evidence to negate the existence of some material element of the nonmoving party's claim or if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, by pointing out that the evidence in the record contains insufficient proof with respect to an element of a claim on which the nonmoving party has the burden. In addressing a motion for summary judgment the court must view the evidence

presented in the light most favorable to the nonmoving party.  However, in opposing a motion for summary judgment a nonmoving party may not rely on his pleadings alone, but must present competent and admissible evidence to demonstrate the existence of material issues of fact.  See Rule 56(e); Hawking v. Ford Motor Credit Co., 210 F.3d 540-545 (5th Cir. 2000).

**Exhaustion of Administrative Remedies**: As a condition precedent to a suit for damages brought by a prisoner, the Prison Litigation Reform Act (PLRA) requires an inmate to exhaust administrative remedies.  See 42 U.S.C. § 1997e(a) (2000).  In the present case only Ronald Griffin has satisfied this requirement as it relates to these Defendants and only in relation to his excessive use of force claim.

As exhibits to their motion Defendants Forrest and Singer have included copies of Williams's Step 1 grievance dated February 28, 2004.  See Exhibit 2, in which he complained of his transfer off the Estes Unit on February 13, 2004.[3]  The grievance identifies several officers at the Estes Unit whom he claims were responsible for the allegedly retaliatory transfer, but makes no mention of either Forrest or Singer.  "[The] grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require ... that the prisoner's grievance identify individuals who are connected with the problem."  Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) (emphasis added).  Williams's failure to identify either Movant in his Step 1 grievance fails to satisfy the exhaustion requirement.  However, dispositive of this issue is the fact that Williams did not pursue Step 2 of the Texas prison system formal grievance process.  See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Therefore, with the exception of Ronald Griffin's

---

[3]Williams was returned to the Estes Unit on February 23, 2004.

excessive use of force claim, discussed <u>infra</u>, all claims against David Forrest and Michael Singer should be dismissed for failure to exhaust administrative remedies.

**The merits of Plaintiffs' claims**: Alternatively, in the event that Plaintiffs' claims are not dismissed for non-compliance with the requirements of the PLRA Movants' motion for summary judgment should be granted.

Liability predicated on <u>respondent superior</u> is not available in an action brought under 42 U.S.C. § 1983 based upon the conduct of the acts of a supervisor's subordinates. "Only the direct acts or omissions of governmental officials, not the acts of subordinates, will give rise to individual liability under § 1983." <u>Alton v. Texas A & M University</u>, 168 F.3d 196, 200 (5th Cir. 1999). Therefore, it is incumbent on Plaintiffs to show that Movants themselves participated in the complained of conduct or that it occurred as a result of their directives. In addition, the PLRA bars prisoner actions which do not include a showing of physical injury. 42 U.S.C. § 1997e(e).

The claims asserted by Plaintiffs as reflected in their original petitions and as amplified in their answers to the magistrate judge's questionnaires include claims that the Movants retaliated against them in causing them to be transferred off the Estes Unit and in failing to correct problems in food services at the unit. Williams also complains about a denial of freedom of association, a claim that his status as a sex offender was disclosed to other inmates, that items of his property were lost or misplaced, and that he was denied the opportunity to assist fellow inmates in "jail house lawyering." Griffin alleges a claim of excessive use of force.

With the exception of Griffin's claim of excessive use of force none of the claims asserted against Movants involve a physical injury. Therefore, those claims are barred by the PLRA. Moreover, since neither Plaintiff is currently confined at the Estes Unit, claims with respect to food

services, association with others at the Estes Unit, and jail house lawyering at the unit are moot and they have no standing to complain.  E.g. see Cooper v. Lubbock County, Texas, 929 F.2d 1078, 1081 (5th Cir. 1991).[4]

With respect to Plaintiffs' claim that they were transferred off the Estes Unit by Movants in retaliation and aside from the fact that Williams has failed to produce any competent evidence to establish either's personal involvement in his transfer on February 13, 2004,[5] since he did not suffer any physical injury as a result of the transfer, the PLRA bars recovery on this claim.  See Geiger v. Towers, ___F.3d ___, 2005 WL 639623 (5th Cir. 2005) and at * 2 n. 11 (collecting cases).

Although it is undisputed that Griffin exhausted administrative remedies with respect to his excessive use of force claim, in order to demonstrate the existence of genuine issues of fact with respect to Movants' liability, he was required to produce evidence of their personal involvement in the May 17, 2004 incident.  See Exhibit 3 to Defendants' motion.  Therefore, Defendants are entitled to summary judgment on this claim as well.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court grant Defendants David Forrest and Michael Singer's motion for summary judgment and that the District Court enter judgment dismissing all federal claims brought against them in this action with prejudice, and

---

[4]Aside from the fact that Plaintiffs have failed to exhaust administrative remedies prior to filing suit, their absence from the Estes Unit bars them from acting as representatives in a class action.  See Gillespie v. Crawford, 858 F.2d 1101, 1102-03 (5th Cir. 1998) (en banc).

[5]In his answers to the magistrate judge's questionnaire filed on January 26, 2005, Williams relates statements attributed to third parties who allegedly told him that Forrest and Ringer were responsible for his transfer off the Estes Unit.  However, such statements are clearly hearsay and therefore are incompetent to satisfy the requirements of Rule 56(e).

It is further recommended that the District Court enter its order remanding all remaining claims asserted by Plaintiffs to the 18th Judicial District Court of Johnson County, Texas, for all further proceedings pursuant to 28 U.S.C. § 1367(c). Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 455 (5th Cir. 2001).

A copy of this recommendation shall be transmitted to Plaintiffs and counsel for Defendants Forrest and Singer.

_Wm. F. Sanderson, Jr._
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


_____ NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.